### JOHNSON HALL et al. vs. JOHN J. GORDON.

A defendant in a proper case, is allowed to plead his bankrupt discharge, notwithstanding judgment may be entered and execution issued, where it appears he did not receive his discharge in time to plead it before judgment. He must move at the first opportunity for such leave.

*Motion by defendant to set aside the execution issued in this cause, and for a perpetual stay of execution therein.*—This was an action on a jus-

tice's judgment, (which action was assumpsit for goods, wares and merchandise,) and a promissory note; commenced in August, 1844. Judgment obtained against defendant by default, December 2, 1844. The defendant was declared a bankrupt 23d December, 1842, on his own petition. And was discharged as a bankrupt December 24, 1844, from all his debts, among which was inventoried the debt due to plaintiffs, for which this suit was brought. The judgment in this cause having been obtained before defendant's discharge, he could not plead it.

P. CAGGER, *Defts Counsel.*          J. A. GATES, *Defts Atty.*

A. TABER, *Plffs Counsel.*          SEDGWICK & OUTWATER, *Plffs Attys.*

NELSON, Chief Justice.—Held, that defendant having moved first opportunity, he was entitled to relief.

*Decision.*—Judgment execution and subsequent proceedings set aside on payment of costs of opposing motion, with leave to plaintiffs to discontinue without costs.